**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4603

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRELL DOMINIQUE WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:20-cr-00068-CCE-1)

Submitted:  March 17, 2025                              Decided:  June 20, 2025

Before GREGORY, RICHARDSON, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrell Dominique White appeals his conviction and the 76-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to possessing ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1]  White's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether the district court erred by finding White had two prior convictions for controlled substance offenses when calculating White's advisory Sentencing Guidelines range.  White has not filed a pro se brief, and the Government has declined to respond to the *Anders* brief.  We affirm.[2]

We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard," *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted), but "review *de novo* whether a prior conviction qualifies as a controlled substance offense under the Sentencing Guidelines," *Jackson*, 127 F.4th at 454.  We discern no error in the district court's calculation of White's advisory

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The new 15-year statutory maximum does not apply in this case because White's offense was committed before the June 25, 2022, amendment to the statute.

[2] For reasons appearing to the court, we placed this appeal in abeyance for *United States v. Canada*, 123 F.4th 159, 162-63 (4th Cir. 2024) (holding § 922(g)(1) does not facially violate the Second Amendment), and *United States v. Jackson*, 127 F.4th 448, 455 (4th Cir. 2025) (holding there is no irreconcilable conflict between *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), and *United States v. Davis*, 75 F.4th 428 (4th Cir. 2023)).  Those cases support our decision to affirm the second amended criminal judgment.

Guidelines range.  As defense counsel acknowledges, the argument that White's prior convictions are not controlled substance offenses is foreclosed by our decision in *United States v. Miller*, 75 F.4th 215, 230-31 (4th Cir. 2023) (holding N.C. Gen. Stat. § 90-95(a)(1) (2021) is a controlled substance offense for purposes of U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(2), 4B1.2(b) (2018)).  Our review of the record reveals no reversible error in the district court's other calculations.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the second amended criminal judgment.  At this juncture, we deny counsel's motion to withdraw.  This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review.  If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on White.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3